UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN W. EVANS | ) | |
| | ) | Case Number |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CIVIL COMPLAINT |
| | ) | |
| ASSET ACCEPTANCE, LLC | ) | |
| & | ) | |
| EQUIFAX INFORMATION SERVICES, LLC | ) | |
| & | ) | |
| TRANS UNION, LLC | ) | |
| & | ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC. | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Susan W. Evans, by and through her undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.      Plaintiff, Susan W. Evans, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq which prohibit debt collectors from engaging in abusive, deceptive and unfair practices and and against Defendants, Verizon, Experian, Equifax and Trans Union for violations of multiple sections of the Fair Credit Reporting Act, 15

U.S.C. § 1692 *et seq.* ("FCRA"), which prohibits original creditors and debt collectors from deceptive and unfair credit reporting.

## II.  JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant maintains a primary location in this District.

## III.  PARTIES

4. Plaintiff, Susan W. Evans, is an adult natural person residing at 285 Citizens Road, Rural Retreat, VA 24368.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Asset Acceptance, LLC, ("Defendant"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the State of Michigan with its principal place of business located at 28405 Van Dyke Avenue, Warren, Michigan 48092.

6. Defendant, Equifax Information Services, LLC (hereafter, Defendant, Equifax), at all times relevant hereto, is and was a Limited Liability Company engaged in the business of nationwide consumer reporting with an address of 6 Clementon Road, East Suite A2, Gibbsboro, New Jersey 08026.

7. Defendant, Trans Union, LLC (hereafter, Defendant, TU), at all times hereto, is and was a Limited Liability Company engaged in the business of nationwide consumer reporting

with its address located at 555 West Adams Street, Chicago, IL 60661 and a principal office located at 1510 Chester Pike, Crum Lynne, PA 19022.

8. Defendant, Experian Information Solutions, Inc. (hereafter, Defendant, Experian), at all times relevant hereto, is and was a Delaware corporation engaged in the business of nationwide consumer reporting with an office at 111 Woodcrest Road, Cherry Hill, New Jersey 08003.

9. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

10. For nearly two (2) years, Plaintiff has been receiving constant calls from the Defendant looking for a "Susan Senss" to collect on an alleged debt said to be owed on a Silhouette account.

11. On or around January 7, 2013, Plaintiff began receiving calls from the Defendant to her work phone.

12. Being that Plaintiff is a college professor, these constant phone calls from the Defendant are extremely intrusive.

13. Plaintiff immediately informed the Defendant that they were calling the wrong number.

14. Plaintiff continually gets mistaken as "Susan Senss" as they have almost identical social security numbers.

15. On or around January 24, 2013 Plaintiff received a phone call from Defendant's agent "David Munley" looking for a "Susan Senss".

16. Plaintiff informed the Defendant that he has the wrong number and requested her number be removed from the Defendant's file.

17. Defendant's agent "David Munley" scolded the Plaintiff stating "You are a liar! I know you are Susan Senss".

18. Plaintiff insisted that she is not "Susan Senss".

19. Defendant's agent "David Munley" became very angry and stated "We found you we know where you are this is your account pay now!"

20. Defendant's agent "David Munley" continued to state "I know I'm talking to her right now!" and "I'm the best in the biz, I get the job done, now just pay!"

21. Defendant's agent "David Munley" threatened to ruin Plaintiff's credit if she failed to pay this account off in full.

22. Plaintiff politely informed Defendant's agent "David Munley" that she has already disputed the alleged debt with all three credit bureaus.

23. At that time Defendant's agent "David Munley" falsely informed Plaintiff "I will make sure this debt goes back on your credit report".

24. During this phone call Defendant's agent "David Munley continued to scold Plaintiff by insinuating that the Plaintiff was dishonest and purposely changed her last name several times in order to open accounts and "David Munley" further exclaimed, "the debt is a small amount, just pay it."

25. Plaintiff, unable to bare the harassment any longer, hung up on Defendant's agent "David Munley".

26. Plaintiff continues to receive constant and continues calls from Defendant.

27. As of the filing of this complaint, the Defendant has failed to cease collection efforts despite the fact that they have never supplied validation to the Plaintiff.

28. Despite Plaintiff's explanation that the debt is not hers and disputing the account with the credit bureaus and Defendant, Asset, the Defendants continue to inaccurately report the negative tradeline on the Plaintiff's credit.

29. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

30. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

31. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

32. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

*Plaintiff v. Asset*

33. The above paragraphs are hereby incorporated herein by reference.

34. At all times relevant hereto, Defendant Asset was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

35. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f(5): | Caused any charges to be made to the consumer, e.g. cell phone charges |
| §§ 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication |
| §§ 1692g(b): | Collector must cease collection efforts until the debt is validated |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, for the following:

    a.    Actual damages;

    b.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    c.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.    Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II– FCRA

*Plaintiff v. Asset, Equifax, TU and Experian*

36.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37.    At all times pertinent hereto, Defendants, Asset, Equifax, Experian and TU, were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

38.    At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

39.    At all times pertinent hereto, the above mentioned credit reports were "consumer reports" as that terms is defined by 15 U.S.C. §1681a(d).

40.    Pursuant to 15U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to the Plaintiffs for engaging in the following conduct:

    (a)    Willfully and negligently failing to report accurate status of the credit account to all credit reporting agencies.

(b) Willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(c) Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

(d) Willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy;

(e) Willfully and negligently continuing to furnish and disseminate inaccurate information and derogatory credit account and other information despite having knowledge of its inaccuracy and/or inability to be verified; and

(f) Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C §1681s-2(b).

41. The conduct of Defendants, was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against, Defendants, Asset, Equifax, TU and Experian, for the following:

a. Actual damages;

d. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

      d.      Such addition and further relief as may be appropriate or that the interests of justice require.

## V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date:  February 25, 2013**      **BY:** */s/  Brent F. Vullings*
Brent F. Vullings, Esquire
Vullings Law Group, LLC
3953 Ridge Pike
Suite 102
Collegeville, PA  19426
610-489-6060
610-489-1997 fax
bvullings@vullingslaw.com
Attorney for the Plaintiff